UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARY ANN SHAUGHNESSY : | |
| : | |
| v. : | C.A. No. 09-246ML |
| : | |
| MICHAEL J. ASTRUE : | |
| Commissioner of the Social Security : | |
| Administration : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on May 22, 2009 seeking to reverse the decision of the Commissioner.  On December 1, 2009, Plaintiff filed a Motion to Reverse Without or, Alternatively, with a Remand.  (Document No. 10).  On February 12, 2010, the Commissioner filed a Motion for Order Affirming the Decision of the Commissioner.  (Document No. 13).  Plaintiff replied on February 26, 2010.  (Document No. 14).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties' submissions and independent legal research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.  Consequently, I recommend that the Commissioner's Motion for Order

Affirming the Decision of the Commissioner (Document No. 13) be DENIED and that Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand (Document No. 10) be GRANTED.

### I.     PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI with a protective filing date of July 5, 2005, alleging disability since March 15, 1990 in her DIB application and September 21, 2004 in her SSI application. (Tr. 106-117, 124). Plaintiff subsequently amended her disability onset date to September 22, 2004. (Tr. 29-30). The applications were denied initially (Tr. 68-71) and on review. (Tr. 73-78). Plaintiff requested an administrative hearing. (Tr. 79). On November 6, 2007, Administrative Law Judge Barry H. Best (the "ALJ") held a hearing at which Plaintiff, represented by counsel and a vocational expert ("VE") appeared and testified. (Tr. 26-63). The ALJ issued a decision unfavorable to Plaintiff on January 25, 2008. (Tr. 10-25). The Appeals Council denied Plaintiff's request for review on March 25, 2009. (Tr. 1-5). A timely appeal was then filed with this Court.

### II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly evaluate the medical evidence and thus both his physical and mental RFC findings are not supported by substantial evidence. She also contends that the ALJ's credibility findings are not adequately supported.

The Commissioner disputes Plaintiff's claims and argues that the ALJ did not commit any error in evaluating the evidence of record and that substantial evidence supports his denial of disability benefits.

**III.     THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276

F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV.    THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.   Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right

to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.   Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.   The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).

Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

  **E.**  **Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    **1.**    **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4) Treatment, other than medication, for relief of pain;
>
> (5) Functional restrictions; and
>
> (6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the

credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

### V.     APPLICATION AND ANALYSIS

Plaintiff was thirty-five years old on the date of the ALJ's decision. (Tr. 106). Plaintiff completed the eleventh grade and has previous work experience as a Certified Nursing Assistant ("CNA"), customer service representative and a hairdresser. (Tr. 54). Plaintiff last worked as a customer service assistant on September 21, 2004 when her doctor restricted her from working due to a high risk pregnancy. (Tr. 33, 143). "After [she] had a stillborn child, [Plaintiff reported that she] was unable to return to work because of the physical conditions and [her] depression." (Tr. 143). Plaintiff alleges disability due to diabetes mellitus with diabetic neuropathy in her lower extremities and hands, asthma, depression and anxiety. (Document No.10 at p. 5). However, at the ALJ hearing, Plaintiff's counsel identified Plaintiff's "biggest two" issues as diabetes and depression. (Tr. 30).

**A.     The ALJ's Decision**

The ALJ found that Plaintiff's diabetes mellitus with diabetic neuropathy, asthma, depression and anxiety significantly limit her ability to perform basic work activities and thus are "severe" impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(c). (Tr. 15). As to RFC, the ALJ concluded that Plaintiff could perform a limited range of sedentary work with non-exertional mental restrictions of a moderate limitation in maintaining attention and concentration, and in dealing appropriately with the public, co-workers and supervisors. (Tr. 17). Based on this RFC and testimony from the VE, the ALJ determined that Plaintiff was not capable of performing her past relevant work as a CNA, customer service representative or hairdresser. (Tr. 23). However, the ALJ concluded that Plaintiff's RFC did not preclude her from making a successful adjustment to other work existing in significant numbers in the national economy. (Tr. 24-25).

After receiving the ALJ's unfavorable decision dated January 25, 2008, Plaintiff filed a subsequent disability application on February 26, 2008. (Tr. 2). On or about October 15, 2008, Plaintiff's subsequent application was approved for disability beginning January 26, 2008, and Plaintiff's counsel asked the Appeals Council to remand the application under review in this case for further proceedings in light of such approval. (Tr. 2, 8). However, the Appeals Council rejected the request and found that the subsequent psychiatric records of May 30, 2008 and July 3, 2008 did "not affect the decision about whether [Plaintiff was] disabled beginning on or before January 25, 2008." (Tr. 2). It concluded that the subsequent decision awarding benefits to Plaintiff was "due to a deterioration of her condition" after the ALJ rendered the decision under review on January 25, 2008. Id.

**B.     The ALJ's Physical RFC Finding is Not Adequately Supported**

The ALJ concluded that Plaintiff's RFC permitted her to perform a limited range of sedentary work. (Tr. 17). Although Plaintiff was found to be unable to manipulate or work with small objects (less than one-quarter inch), he found no other upper extremity restrictions on work tasks such as reaching, pushing, pulling, grasping or over-shoulder work. Id. Because the VE testified that additional limitations of only occasional simple grasping and reaching on both the left and right, and no fine manipulation would preclude work at the sedentary level (Tr. 61), Plaintiff's appeal focuses on that issue.

In his opinion, the ALJ declined to give "significant probative weight" to the majority of the medical opinion evidence as to Plaintiff's physical RFC, including the opinions of two State Agency reviewing physicians (Dr. Callaghan, Ex. 11F and Dr. Missaghian, Ex. 21F), a treating physician (Dr. Levy, Ex. 27F), and a consulting examiner (Dr. McCloy, Ex. 29F). As to Drs. Callaghan and Missaghian, the ALJ rejected their opinions that Plaintiff could perform light work because they did not consider the impact of Plaintiff's neuropathy. (Tr. 21). Plaintiff does not challenge this assessment. As to Drs. Levy (a treating source) and McCloy (an examining source), they both opined that Plaintiff was limited in using her arms/hands for grasping and reaching and unable to perform fine manipulation, (Tr. 472, 484), which would preclude employment according to the VE. The ALJ rejected these opinions because they were not supported by and not consistent with the record as a whole. (Tr. 21). The ALJ does not, however, specify the particular evidence supporting this conclusion.

The ALJ did give significant probative weight to the opinion of Dr. Wolfson, a treating source. (Tr. 20). Plaintiff contends that the ALJ committed error in his evaluation of Dr. Wolfson's opinion because the ALJ left a significant limitation out of his RFC without explanation. In

particular, Dr. Wolfson opined that Plaintiff was limited to only occasional grasping, reaching, pushing/pulling, fine manipulation and over-shoulder work. (Tr. 308). The ALJ noted this restriction in his description of Dr. Wolfson's opinion and then concluded that "[i]n light of the fact that this evaluation, <u>other than the unsupported sitting restriction</u>, is supported by and is consistent with the record as a whole, it is entitled to significant probative weight." (Tr. 20) (emphasis added). In other words, the ALJ expressly adopted all of the limitations assessed by Dr. Wolfson, including the upper extremity restrictions, with the only exception being a sitting restriction. Id. However, in his RFC, the ALJ does not list any limitations on grasping, reaching, pushing/pulling, over-shoulder work, or fine manipulation (other than a restriction on working with objects smaller than one-quarter inch). (Tr. 17). The ALJ does not explain this apparent inconsistency between his evaluation of Dr. Wolfson's opinion and his RFC assessment. Since Dr. Wolfson is a treating physician, the ALJ is required by the "treating physician rule" (20 C.F.R. § 404.1527(d)(2)) to provide "good reasons" for the weight given to a treating source's opinion, and he did not do so as to the portion of Dr Wolfson's opinion excluded from his RFC assessment. In addition, there is also a contradiction between the ALJ's favorable assessment of Dr. Wolfson's opinion and his unfavorable assessment of Dr. Levy's opinion since they both agreed that Plaintiff had upper extremity limitations including those as to grasping, reaching and fine manipulation. (See Tr. 308, 472).[1]

Since the VE testified that grasping and reaching limitations would erode the sedentary job base, a finding of harmless error is not warranted in this particular case. See S.S.R. 96-9p ("Any

---

[1] The Commissioner defends the ALJ's RFC assessment, in part, by arguing that certain of Dr. Levy's opined limitations, including grasping and reaching, were "inconsistent with and contradicted by" Dr. Wolfson's RFC. (Document No. 13 at p. 11). This argument is not supported by the record since Dr. Levy and Dr. Wolfson agreed that Plaintiff was restricted to only occasional grasping and reaching. (Tr. 308, 472).

significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base."). The record here is also muddied by the fact that the reviewing physician's opinions (Exs. 10F and 21F) were flawed in that they did not, for some unexplained reason, consider the impact of Plaintiff's diabetic neuropathy in rendering their RFC opinions. (Tr. 21). Since such neuropathy is a critical component of the medical record in this case, this hole in the administrative record also supports a remand. Since I find that Plaintiff's primary argument as to the ALJ's physical RFC assessment warrants a remand on this record, there is no need to address Plaintiff's other secondary claimed errors.

### VI.   CONCLUSION

For the reasons discussed herein, I recommend that the Commissioner's Motion for Order Affirming the Decision of the Commissioner (Document No. 13) be DENIED and that Plaintiff's Motion to Reverse Without or, Alternatively, with a Remand (Document No. 10) be GRANTED. I further recommend that the District Court enter Final Judgment in favor of Plaintiff remanding this case for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  <u>  /s/ Lincoln D. Almond             </u>
LINCOLN D. ALMOND
United States Magistrate Judge
March 30, 2010